**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

W.Y.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Civil No. 25-15806-RMB

**OPINION**

**APPEARANCES**:

Scott Hozakowski-Rubin
Rubin and Badame
523 Swede Street
Norristown, PA 19401

*On behalf of Plaintiff*

Allison Granger
Social Security Administration
Law & Policy, Program Litigation 3
6401 Security Boulevard
Baltimore, MD 21235

Catherine Elisabeth Hamilton
Social Security Administration
Office of Program Litigation
6401 Security Boulevard
Baltimore, MD 21235

*On behalf of Defendant*

[1] Due to the significant privacy concerns in Social Security cases, plaintiffs are identified and referenced solely by initials in opinions issued by the United States District Court for the District of New Jersey. *See* D.N.J. Standing Order 2021-10.

**RENÉE MARIE BUMB, Chief United States District Judge**:

Plaintiff W.Y. ("Plaintiff") asks this Court to reverse the final determination of the Commissioner of the Social Security Administration (respectively, "Commissioner" and "SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons that follow, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this Opinion and accompanying Order.

## I. PROCEDURAL HISTORY

On February 23, 2024, Plaintiff filed a DIB application under Title II of the Act, alleging an onset date of disability of October 15, 2022. [Admin. R. 17.] An Administrative Law Judge ("ALJ") initially denied Plaintiff's claim on July 18, 2024, and denied it again upon reconsideration on October 30, 2024. [*Id.*] Plaintiff then filed a timely written request for a hearing before an ALJ. [*Id.*] That hearing took place on June 12, 2025, where at Plaintiff was represented by an attorney and testified before the ALJ. [*Id.* at 17, 41–59.] The ALJ also heard testimony from vocational expert ("VE") Tanya Edghill. [*Id.* at 17, 59–64.] On June 26, 2025, the ALJ issued a written opinion finding Plaintiff not disabled under the Act. [*Id.* at 14–29.] The Appeals Council denied Plaintiff's request for review on July 25, 2025. [*Id.* at 1–6.] Plaintiff now seeks this Court's review pursuant to 42 U.S.C. § 405(g). [Docket No. 1 ¶ 1.]

## II. STANDARD OF REVIEW

### A. The Disability Determination

To qualify for DIB, a claimant must show that he is disabled. 42 U.S.C. § 423. Under the Act, "a disability is established where the claimant demonstrates some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli v. Massanari*, 247 F.3d 34, 38–39 (3d Cir. 2001) (citation and internal quotation marks omitted). "A claimant is considered unable to engage in any substantial gainful activity 'only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Commissioner makes a disability determination through a five-step sequential process. 20 C.F.R. § 404.1520(a)(4). For steps one through four, the claimant bears the burden of proof. *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019). At the fifth step, the Commissioner shoulders the burden. *Id.* The five-step process is as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. *Id.* Otherwise, the ALJ moves to step two.

> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits the claimant's physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves to step three.
>
> At step three, the ALJ determines "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If he does not, the ALJ moves to step four.
>
> At step four, the ALJ evaluates the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "RFC is the most he can still do despite his limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves to step five.
>
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work," considering his "RFC, age, education, and work experience." *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to a VE." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

*Hess*, 931 F.3d at 201–02 (citation modified).

### B. The Substantial Evidence Standard

The Act grants federal courts limited power to review decisions of the Commissioner denying disability applications. 42 U.S.C. § 405(g). Although courts fully review all legal issues decided by the Commissioner, *Knepp v. Apfel*, 204 F.3d 78,

83 (3d Cir. 2000), the Act requires courts to uphold factual decisions made by the Commissioner if they are supported by "substantial evidence," 42 U.S.C. § 405(g); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). This evidentiary threshold is "not high" and "means only . . . 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence standard is a deferential one, and a court cannot set aside the Commissioner's decision merely because "acting *de novo* [it] might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986). It is not for courts to "weigh the evidence or substitute [their own] conclusions for those of the [Commissioner]." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the substantial-evidence inquiry is not "a talismanic or self-executing formula for adjudication"; a court must still perform "a qualitative exercise without which … review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). When reviewing the Commissioner's decision, a court must "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018) (citation and internal quotation marks omitted).

Where, as here, the Appeals Council denies a claimant's request for review of an ALJ's decision, that "decision is the Commissioner's final decision." *Matthews v.*

*Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The ALJ's determination must have enough information to "permit meaningful judicial review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). The ALJ needs to explain the evidence considered that "supports the result" and provide "some indication of the evidence … rejected." *Smith v. Comm'r of Soc. Sec.*, 178 F. App'x 106, 111 (3d Cir. 2006) (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). Otherwise, a court "cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705. A court will set aside an ALJ's decision if the judge failed to consider the entire record or resolve an evidentiary conflict. *Fargnoli*, 247 F.3d at 41–42.

## III. FACTUAL BACKGROUND

### A. Plaintiff's Age, Education, and Work History

The Court recounts only those facts necessary to adjudicate this appeal. As of the alleged disability onset date, Plaintiff was forty-six years old. [Admin. R. 27.] Plaintiff has at least a high-school education and previously worked as a construction worker. [*Id.*]

### B. The ALJ's Decision

The ALJ found Plaintiff not disabled. At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since October 15, 2022, the alleged disability onset date. [*Id.* at 17.]

At step two, the ALJ found the following medically determinable impairments severe: cervical degenerative disc disease; left inguinal hernia status post repair; lumbar

degenerative disc disease; major depressive disorder; panic disorder; and posttraumatic stress disorder ("PTSD"). [*Id.* at 19.] The ALJ conversely found that Plaintiff's remissive substance abuse disorder was a non-severe medically determinable impairment. [*Id.* at 19–20.]

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. [*Id.* at 20–22.] Physically, the ALJ determined that Plaintiff did not meet the requirements of *per se* disability under Listings 1.15, 1.18, and 1.21, nor those of mental Listings 12.04, 12.06, and 12.15. [*Id.*] The ALJ did, however, find moderate limitations in each of the four mental areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. [*Id.* at 21–22.]

At step four, the ALJ found that Plaintiff has the RFC:

> [T]o perform light work as defined in 20 CFR [§] 404.1567(b) with the following additional limitations: The claimant can occasionally climb ladders, ropes, and scaffolds; can frequently climb ramps and stairs; can frequently balance; can occasionally stoop, crouch, kneel, and crawl; can have no more than occasional exposure to work in high exposed place[s] or in proximity to dangerous moving mechanical parts; is limited to understanding, remembering, and carrying out simple instructions; cannot perform work with a production pace or hourly quotas; is limited to simple decision making; can tolerate occasional changes in a routine work setting; cannot interact with the public; and can occasionally interact with coworkers and supervisors.

[*Id.* at 22.] The ALJ further found that Plaintiff could not perform any past relevant work experience. [*Id.* at 27.]

At step five, the ALJ concluded that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, considering his age, education, work experience, and RFC. [*Id.* at 27–28.] Crediting the VE's testimony, the ALJ found that Plaintiff could perform the requirements of representative occupations such as a hand packager, package sorter, and dispatcher/router. [*Id.* at 28.] Consequently, the ALJ determined that Plaintiff was not disabled under the Act. [*Id.* at 29.]

## IV. DISCUSSION

Plaintiff raises three arguments in support of remand. First, the ALJ allegedly ignored evidence from Plaintiff's Veterans Administration Medical Center ("VAMC") file. [Docket No. 7, at 11–21 ("Pl.'s Br.").] Second, the ALJ purportedly violated SSA policy in her consideration of medical opinion evidence. [*Id.* at 21–26.] And third, the ALJ allegedly did not fully consider Plaintiff's hearing testimony concerning his limitations. [*Id.* at 26–30.]

### A. The Department of Veterans Affairs Disability Decision

Plaintiff argues first that the ALJ erroneously formulated the RFC's mental impairment restrictions at step four because the ALJ failed to consider his VAMC treatment records in their entirety.[2] The Court agrees.

---

[2] The Court does not understand Plaintiff to be challenging the ALJ's step-three finding that he did not meet the requirements of *per se* disability under mental Listings 12.04, 12.06, and 12.15. *See, e.g.*, [Pl.'s Br. 11 (emphasis added) ("The ALJ erred for not even considering relevant evidence that is flatly inconsistent with her *RFC finding*[,] especially information contained in the VAMC disability rating."), 17 (emphasis

On September 20, 2023, the Department of Veterans Affairs ("VA") issued a decision finding Plaintiff 70% disabled for his "PTSD with panic attacks and unspecified depressive disorder with symptoms of anxious distress." [Admin. R. 873.] In reaching its decision, the VA cited to Plaintiff's service treatment records, questionnaires, letters, and VA forms, dated from March 2010 to August 2023. [*Id.* at 874.] The VA explained in more detail its disability decision as to Plaintiff's mental impairments as follows:

> Your most recent mental health examination shows that you are evaluated for [PTSD] at 70 percent disabling. Your service connected

---

added) ("Critically, these work restrictions are missing from the mental side of the ALJ's *RFC finding*."), 21 (emphasis added) ("Ultimately, the ALJ's *RFC finding* here is incomplete because the decision lacks explanation regarding Plaintiff's physical and mental impairments contained in the VAMC treatment notes.").] There is no such similar unequivocal challenge to the ALJ's *per se* disability findings. Besides procedurally recounting the ALJ's step-three finding, Plaintiff does not explain where "an error occurred" and how, "but for that error, [he] might have proven [his] disability" at step three. *Bridgette T. v. Comm'r of Soc. Sec.*, No. 25-13547, 2026 WL 776218, at *6 (D.N.J. Mar. 19, 2026) (reciting harmless error standard). In other words, there is simply no discussion in Plaintiff's brief over the ALJ's step-three finding; it is limited to the step-four RFC. *See generally* [Pl.'s Br.]

Relatedly, it is not clear to the Court whether Plaintiff challenges the RFC apropos his physical impairments. While Plaintiff cavalierly raises the issue, there is no discussion on it as there is with respect to his mental impairments. *See, e.g.*, [Pl.'s Br. 1 ("The ALJ failed to address relevant evidence regarding Plaintiff's mental … and physical impairments that are contained in the treatment notes from the VAMC."), 21 ("Ultimately, the ALJ's RFC finding here is incomplete because the decision lacks explanation regarding Plaintiff's physical and mental impairments contained in the VAMC treatment notes.").] Plaintiff's citations to his VAMC treatment notes, moreover, solely relate to mental health and the work restrictions Plaintiff provides as examples are strictly mental too. *See* [*id.* at 16–20.] Regardless, "[b]ecause the Court concludes that the matter must be remanded for further consideration of Plaintiff's mental impairments and the underlying medical evidence from the [VA disability decision] at step[] … four, the Court does not" need to decide either way. *Michael B. v. Kijakazi*, No. 20-14639, 2022 WL 3913302, at *8 n.4 (D.N.J. Aug. 31, 2022).

> [PTSD] precludes you from maintaining employment due to the memory issues, difficulty establishing and maintaining relationships, sleep impairment, impaired judgement and impaired impulse control. All of these symptoms work together to create a level of occupational and social impairment that, in your case has created a need for individual unemployability.
>
> You reported that your highest level of education was the 12th grade and your work history shows that you have worked in construction. There is no indication that a change in work environment or a separate type of employment would be feasible as your symptoms are not of a physical nature, and would affect any other type of work in a similar fashion.
>
> We have assigned a 70 percent evaluation for your [PTSD] with panic attacks and unspecified depressive disorder with symptoms of anxious distress based on: [a]nxiety; [c]hronic sleep impairment; [d]epressed mood; [d]ifficulty in adapting to a worklike [sic] setting; [d]ifficulty in adapting to stressful circumstances; [d]ifficulty in adapting to work; [d]ifficulty in establishing and maintaining effective work and social relationships; [d]isturbances of motivation and mood; [f]orgetting directions; [f]orgetting names; [f]orgetting recent events; [i]mpaired abstract thinking; [i]mpaired impulse control; [i]mpaired judgment; [i]nability to establish and maintain effective relationships; [m]ild memory loss; [n]ear-continuous depression affecting the ability to function independently, appropriately and effectively; [n]ear-continuous panic affecting the ability to function independently, appropriately and effectively; [o]bsessional rituals which interfere with routine activities; [o]ccupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood; [s]peech intermittently illogical; [s]peech intermittently irrelevant; [s]peech intermittently obscure; [s]uspiciousness; [u]nprovoked irritability with periods of violence.

[*Id.* at 875–76.]

In fashioning the RFC at step four, the ALJ acknowledged Plaintiff's VA disability finding as follows:

> The undersigned has also considered the report of the [VA]. The [VA] assigned a 70% evaluation for the claimant's PTSD with panic attacks and unspecified depressive disorder. In addition, that the claimant's service-connected PTSD precluded him from maintaining employment.

> This report has not been evaluated for persuasiveness. A medical source's opinion that a claimant is disabled or unable to work is not dispositive of a disability claim because the determination of whether a claimant is able to perform regular and continuing work is reserved to [ALJs] on behalf of the Social Security Commissioner[,] 20 CFR [§] 404.1527(d)(1) and 20 CFR 927(d)(1), and based upon the foregoing the opinion is neither inherently valuable nor persuasive, pursuant to 20 CFR [§§] 404.1520b(c) and 416.920b(c).

[*Id.* at 26 (citations omitted).] As for the RFC itself, the ALJ relevantly concluded that Plaintiff could "perform light work … with the following limitations: [Plaintiff] … is limited to understanding, remembering, and carrying out simple instructions; cannot perform work with a production pace or hourly quotas; is limited to simple decision making; can tolerate occasional changes in a routine work setting; cannot interact with the public; and can occasionally interact with coworkers and supervisors." [*Id.* at 22.] Plaintiff contends these findings are not supported by substantial evidence because the ALJ did not properly consult, examine, or consider the evidence underlying the VA disability decision in its entirety.[3]

A claimant's RFC is "the most a claimant can do despite her limitations." 20 C.F.R. § 404.1545(a)(1). To assess the RFC, the ALJ must consider "*all* relevant evidence from the record, including statements from medical sources and a claimant's

[3] In so doing, Plaintiff provides some examples that do not carry his point. For instance, Plaintiff cites to pages 1029, 1055, 1075, 1096, and 1101 of an Administrative Record that ends at page 1010. [Pl.'s Br. 16.] Moreover, even if these referenced documents exist in the Administrative Record, the corresponding dates offered by Plaintiff all postdate the September 20, 2023, VA decision. [*Id.*] By definition, these records could not have underlaid the VA's disability finding. But, for the reasons that follow, the Court still finds that the ALJ did not adequately explain how she reviewed and considered all of the evidence underlying the VA disability decision. *See* [*id.* (providing examples of underlying VA evidence).]

own description of limitations." *Young v. Astrue*, 519 F. App'x 769, 771 (3d Cir. 2013) (emphasis added) (citing *id.* § 404.1545(a)(3)); *see also Sheila D. v. Bisignano*, No. 25-01308, 2026 WL 2936301, at *4 (M.D. Pa. Sept. 30, 2026) (citing SSR 96-8p, 1996 WL 374184, at *13–*14) ("In crafting the RFC, the ALJ must consider all the evidence of record, including medical signs and laboratory findings, daily activities, medical source statements, and a claimant's medical history."). While the substantial-evidence standard does not require the ALJ's decision to "be elaborate or even sophisticated," *T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293, 302 (2015), the ALJ "must not only state the evidence considered which supports the result but also indicate what evidence was rejected," *Cotter*, 642 F.2d at 706–07.

First, to the extent Plaintiff believes that the ALJ committed legal error by not considering and affixing weight to the VA's 70% disability finding *per se*, he is incorrect. [Pl.'s Br. 13–15.] As the Commissioner notes, for claims filed on or after March 27, 2017, as Plaintiff's was, 20 C.F.R. § 404.1520b sets forth how an ALJ will consider such evidence. [Comm'r's Opp. Br. 4–5.] Section 404.1520b(c)(1) specifically provides that "[d]ecisions by other governmental agencies and nongovernmental entities" are "inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled ... under the Act." Sections 404.1504 and 416.904 of the same Federal Code clarify that the VA is a governmental agency whose "decision … is based on its rules, it is not binding on [the SSA] and is not [the SSA's] decision about whether you are disabled … under [SSA] rules." An ALJ thus need not "provide any analysis

in [her] determination or decision about a decision made by [the VA] about whether [a claimant is] disabled" under the Act. 20 C.F.R. §§ 404.1504, 416.904.

Plaintiff unsuccessfully relies on obsolete law predating the 2017 regulation to argue otherwise. *See* [Pl.'s Br. 13–15.] Courts in this District have routinely recognized the changed regulatory framework for claims filed on or after March 27, 2017, in the context of a VA disability finding. *See, e.g.*, *Robert S. v. Bisignano*, No. 23-20312, 2025 WL 2848862, at *9 (D.N.J. Oct. 8, 2025); *Michael B. v. Kijakazi*, No. 20-14639, 2022 WL 16743966, at *3 (D.N.J. Nov. 7, 2022); *John B. v. Kijakazi*, No. 19-16558, 2021 WL 3630307, at *11 (D.N.J. Aug. 17, 2021); *Stoup v. Saul*, No. 19-110, 2020 WL 3034836, at *3–*4 (W.D. Pa. June 5, 2020). In keeping therewith, this Court likewise rejects Plaintiff's contention on this appeal.

All that said, an ALJ must still "consider all of the supporting evidence *underlying* the other governmental agency or nongovernmental entity's decision that [the SSA] receive[s] as evidence in [the claimant's] claim in accordance with § 404.1513(a)(1) through (4)." 20 C.F.R. § 404.1504 (emphasis added); *see, e.g.*, *Michael B.*, 2022 WL 16743966, at *3 (citation omitted) ("[T]he ALJ is required to consider all the evidence underlying the VA's decision—at least, all the evidence that was presented to the VA and also presented to the [SSA], and to provide analysis of any significant, probative evidence contained in the VA records."). After review, the Court cannot find that the ALJ considered all of the evidence underlying the VA's disability finding for Plaintiff.

In the Court's view, the ALJ "highlighted those portions of the record that [s]he believed supported h[er] step [four] finding," but "failed to mention the evidence underlying [the VA disability] decision, including all the functional and social limitations outlined above." *Michael B.*, 2022 WL 16743966, at *2. For example, the ALJ determined that Plaintiff had a moderate limitation in understanding, remembering, or applying information because Plaintiff "could perform simple maintenance, prepare meals, pay bills, take medications, shop in stores, and drive," "was able to provide information about his health, describe his prior work history, respond to questions from medical providers," and his "memory was noted to be grossly intact." [Admin. R. 21.] The VA contrastingly found that Plaintiff forgot directions, names, and recent events, exhibited impaired abstract thinking, impaired judgment, and mild memory loss, intermittently spoke illogically, irrelevantly, and obscurely, and demonstrated occupational and social impairments and deficiencies in judgment, thinking, or mood. [*Id.* at 876.]

Likewise for interacting with others, for which the ALJ also found a moderate limitation. The ALJ did not address the VA's finding that Plaintiff had difficulty adapting to work settings, maintaining effective work and social relationships, and establishing effective relationships; that he showed occupational and social impairments and deficiencies in work, school, and family relations; that he and had unprovoked irritability with periods of violence. [*Id.*] As for the ability to concentrate, persist, or maintain pace and the ability to adapt or manage himself, the VA found, apart from those applicable above, that Plaintiff suffered from anxiety, chronic sleep

impairment, a depressed mood, disturbances of motivation and mood, impaired impulse control, near-continuous depression and panic affecting the ability to function independently, appropriately and effectively, obsessional rituals which interfere with routine activities, suspiciousness, and difficulty adapting to stressful circumstances and work. [*Id.*]

At the very least, the ALJ should have acknowledged these findings, "consider[ed] all of the supporting evidence underlying the[m]," 20 C.F.R. § 404.1504, and "provide[d] analysis of" why she disagreed in fashioning the RFC, *Michael B.*, 2022 WL 16743966, at *3. On the record before it, the Court "cannot tell if [the underlying VAMC treatment notes] w[ere] not credited or simply ignored." *Cotter*, 650 F.2d at 482.

The Commissioner retorts that the "VA disability decision merely indicated that Plaintiff had a disability rating for mental health disorders, listed application forms and treatment evidence considered in the determination, but failed to provide specific citation to any objective examination findings or treatment evidence relied upon in the formulation of the decision." [Comm'r's Opp. Br. 5–6.] This is well taken, but unpersuasive. True, the VA disability decision's specific findings are citationless, or at least not tethered to the evidence enumerated therein. [Admin. R. 874, 876.] Be that as it may, that disjunction does not displace the ALJ's duty, mandated by the SSA, to "consider all of the supporting evidence underlying" that decision. 20 C.F.R. § 404.1504; *see also Mathews v. Kijakazi*, No. 21-1140, 2022 WL 4535087, at *1 n.2 (W.D. Pa. Sept. 28, 2022) (citation omitted) ("Despite the modest evidentiary demand

of the standard, ALJs are dutybound to consider all relevant evidence in a claimant's record."). The ALJ was free to dismiss the 70% disability *finding* as "inherently neither valuable nor persuasive," but not the underlying *evidence*. 20 C.F.R. § 404.1520b(c)(1). The substantial-evidence standard requires, albeit in no "particular language or … format," *Jones*, 364 F.3d at 505, that the ALJ at least consider the underlying VA evidence and offer "some indication of the evidence which was rejected," *Cotter*, 642 F.2d at 705. The ALJ's Opinion does not permit a finding of the sort here.

The Commissioner also argues that the VA disability decision relied upon VAMC treatment notes from 2010 to 2023, "the vast majority of" which precede Plaintiff's alleged disability onset date of October 15, 2022. [Comm'r's Opp. Br. 6.] Under the Commissioner's theory, because the ALJ considered "VMAC treatment notes during the period at issue"—assumingly the period from October 15, 2022, to June 26, 2025, the date of the ALJ's decision—Plaintiff's pre-onset-date VAMC treatment notes are not relevant, and the ALJ's decision is thus supported by substantial evidence. [*Id.*] The Court sees no force in this argument for several reasons.

First, implicit in the Commissioner's stance is that the ALJ did not review all of the VAMC treatment notes, which, if so, would be legal error under SSA policy. Second, the Court disagrees that Plaintiff's VAMC treatment records predating his alleged disability onset date bear no relevance to whether he is disabled under the Act. Surely that cannot be so; hence likely why the Commissioner cites no cited caselaw in his brief. [*Id.*] As noted, the SSA mandates that the ALJ "consider all of the

supporting evidence underlying" the VA decision, regardless of its shelf life. 20 C.F.R. § 404.1504. Of course, it would strike the Court as appropriate for the ALJ to have weighed the competing evidence according to its recency after reviewing all of the underlying VA evidence. But therein lies the issue. The Court cannot conclude that the ALJ made evidentiary decisions of this kind after reviewing the VAMC treatment notes in their entirety. Third, the Commissioner contradicts himself, if singularly. In support, the Commissioner actually provides the ALJ's citation to a November 2021 VA treatment record of Plaintiff's. [Comm'r's Opp. Br. 6 (citing Admin. R. 335)]; *see* [Admin. R. 24 (citing same).] This leads to the Court's denouement on this issue.

It is the case that the ALJ occasionally refers to some of Plaintiff's VAMC treatment notes that underlaid the VA disability finding. For example, at step two, the ALJ cited a January 2023 VA medical record to find a moderate limitation in understanding, remembering, or applying information. [Admin. R. 21 (citing *id.* at 653).] And at step three, the ALJ referred to a November 2021 and December 2022 VA medical reports when fashioning the RFC. [*Id.* at 24 (citing *id.* at 319, 335).] The issue is that these citations generally "highlight[] those portions of the record that [the ALJ] believed supported" her findings, *Michael B.*, 2022 WL 16743966, at *2, and the Court "cannot tell if significant probative evidence [underlying the VA disability decision] was not credited or simply ignored," *Cotter*, 650 F.2d at 482.

In the end, "although the ALJ did not entirely ignore treatment notes from [the VA], [s]he selectively cited portions of these notes, rather than addressing the conflicting evidence within these records." *Segal v. Comm'r of Soc. Sec.*, No. 19-8839,

2020 WL 2111229, at *6 (D.N.J. May 4, 2020). The Court therefore finds that the ALJ "erred in h[er] treatment of medical evidence in the record" and remand is necessary. *See, e.g.*, *id.* at *6–*7; *Pastuch v. Comm'r of Soc. Sec.*, No. 17-989, 2018 WL 2018063, at *9 (D.N.J. May 1, 2018) ("The ALJ must not ignore the opinions of treating professionals or cherry pick evaluations, diagnostics, or opinions that support a particular conclusion."); *Cintron v. Comm'r of Soc. Sec.*, No. 13-7125, 2014 WL 6800613, at *10 (D.N.J. Dec. 2, 2014) (citation and internal quotation marks omitted) ("An ALJ cannot rely on portions of documents from the record without also refuting the statements made therein that contradict his findings.").

The Court also cannot find that the ALJ's error was harmless. To be sure, Plaintiff overstates the matter, claiming that the RFC "included zero work limitations … regarding how Plaintiff would respond to usual work place situations … [and] … appropriately respond to others and stress." [Pl.'s Br. 19–20.] Rather, the RFC's light-range-of-work determination found that Plaintiff is "limited to understanding, remembering, and carrying out simple instructions; cannot perform work with a production pace or hourly quotas; is limited to simple decision making; can tolerate occasional changes in a routine work setting; cannot interact with the public; and can occasionally interact with coworkers and supervisors." [Admin. R. 22.] To say that the RFC is tone-death to Plaintiff's mental limitations, as Plaintiff's urges, is inaccurate.

Still, the Court cannot determine whether the ALJ considered all of the evidence underlying the VA disability decision to arrive at the light-range-of-work RFC; thus,

the RFC is not supported by substantial evidence and the ALJ's error cannot be considered harmless. *See, e.g.*, *Sulenny P. v. Comm'r of Soc. Sec.*, No. 21-12436, 2026 WL 2427341, at *13 (D.N.J. Aug. 19, 2026) (citation and quotation marks omitted) ("[T]o discharge her evaluative obligation, the ALJ must consider all of the relevant evidence, and must render an RFC finding with a clear and satisfactory explication of the substantial bases upon which it rests.").

ALJs have a tough job. Their adjudicatory burdens are immense, and the records before them labyrinthine. This Court applauds their efforts. But ALJs are nevertheless bound to review the entirety of a given administrative record and apply their reasoned judgment to it and, if done correctly, satisfying the reviewing court that they have done so. They cannot "ignore[], or fail[] to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114). For the reasons above, the Court will remand this matter for the ALJ to consider all of the evidence underlying the VA's disability decision in articulating the RFC with respect to Plaintiff's mental impairments. In that effort, the ALJ does not need to employ "particular language," *Jones*, 364 F.3d at 505, but there must be some indication that the ALJ deployed her discernment to the evidence underlying the VA disability decision along with all the other medical evidence. In the end, the ALJ may well reach the same conclusion she produced earlier, but the record will be a more adequate one.

### B. Plaintiff's Remaining Arguments

Plaintiff sets forth two additional arguments for why the RFC is not supported by substantial evidence: the ALJ improperly evaluated several medical opinions as well as his testimonial subjective complaints and prior work history. [Pl.'s Br. 21–30.] "Because the Court concludes that the matter must be remanded for further consideration of Plaintiff's mental impairments and the underlying medical evidence from the [VA disability decision] at step[] … four, the Court does not consider those claims." *Michael B.*, 2022 WL 3913302, at *8 n.4.

## V. CONCLUSION

For the foregoing reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this Opinion and accompanying Order, which shall issue forthwith.

**October 29, 2026**
Date

**/s/ Renée Marie Bumb**
Renée Marie Bumb
Chief United States District Judge